IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SCOTT LEONARD and ) | |
| JOHN KEETON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:12-cv-219-MEF |
| ) | (WO – Do Not Publish) |
| ) | |
| LEONARD BESS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

A hearing on the parties' Joint Motion for Order Approving Settlement and Dismissal of Claims with Prejudice (Doc. #20) was held by this Court on October 10, 2012, with both parties attending by telephone. At the hearing, the parties and the Court discussed whether the circumstances warranted an *in camera* review of the parties' proposed agreement settling Plaintiffs' claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, or whether a copy of the proposed settlement agreement should be filed with the Court, under seal, either permanently or for a limited period of time, such that public access to the terms and conditions of this settlement would not unduly prejudice Defendants Leonard Bess, All State Homebuilders, Inc., and Central Alabama Property Preservation, L.L.C. (collectively, "Defendants"). Following the hearing, the Court ordered that the parties file their proposed settlement agreement under seal. (Doc. #22.) On October 17, 2012, the parties filed their Settlement Agreement (Doc. #23) with the Court.

The Fair Labor Standards Act ("FLSA") was enacted for the purpose of protecting

workers from substandard wages and oppressive working hours. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). There are only two ways in which back-wage claims under the FLSA can be settled or compromised by employees. *Id.* First, the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. 29 U.S.C. § 216(c). Second, an employee may sue his employer directly, reach a settlement with the employer, and then "present to the district court" the parties' proposed settlement. The district court may enter a stipulated judgment after "scrutinizing the settlement for fairness." *Lynn's Food Stores*, 679 F.2d at 1353.

To determine whether a proposed settlement of FLSA claims is fair, the Court examines the following factors: (1) Was the settlement achieved in an adversarial context?; (2) Was the plaintiff represented by attorneys who can protect his or her rights?; (3) Does the settlement reflect a reasonable compromise of a bona fide dispute over FLSA provisions?; and (4) Is the settlement fair and reasonable? *Id.* at 1354–55. Having reviewed the parties' proposed settlement agreement, and having considered the record as a whole, the Court is satisfied that the above criteria have been met. The proposed settlement in this case was achieved in an adversarial context, and Plaintiffs were represented by competent and capable counsel who could protect their rights. The proposed settlement agreement reflects a reasonable compromise of a bona fide dispute over FLSA provisions. The Court is also satisfied that the proposed settlement is both fair and reasonable. Finally, the Court is satisfied that the fees and expenses awarded to Plaintiffs' counsel are reasonable. Accordingly, it is hereby ORDERED that the parties' Joint Motion for Order Approving Settlement (Doc. #20) is GRANTED IN PART to the extent that the Motion requests this Court's approval of the parties' Settlement Agreement.

workers from substandard wages and oppressive working hours. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). There are only two ways in which back-wage claims under the FLSA can be settled or compromised by employees. *Id.* First, the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. 29 U.S.C. § 216(c). Second, an employee may sue his employer directly, reach a settlement with the employer, and then "present to the district court" the parties' proposed settlement. The district court may enter a stipulated judgment after "scrutinizing the settlement for fairness." *Lynn's Food Stores*, 679 F.2d at 1353.

To determine whether a proposed settlement of FLSA claims is fair, the Court examines the following factors: (1) Was the settlement achieved in an adversarial context?; (2) Was the plaintiff represented by attorneys who can protect his or her rights?; (3) Does the settlement reflect a reasonable compromise of a bona fide dispute over FLSA provisions?; and (4) Is the settlement fair and reasonable? *Id.* at 1354–55. Having reviewed the parties' proposed settlement agreement, and having considered the record as a whole, the Court is satisfied that the above criteria have been met. The proposed settlement in this case was achieved in an adversarial context, and Plaintiffs were represented by competent and capable counsel who could protect their rights. The proposed settlement agreement reflects a reasonable compromise of a bona fide dispute over FLSA provisions. The Court is also satisfied that the proposed settlement is both fair and reasonable. Finally, the Court is satisfied that the fees and expenses awarded to Plaintiffs' counsel are reasonable. Accordingly, it is hereby ORDERED that the parties' Joint Motion for Order Approving Settlement (Doc. #20) is GRANTED IN PART to the extent that the Motion requests this Court's approval of the parties' Settlement Agreement.

The parties' proposed Settlement Agreement (Doc. #23) is hereby approved.

Courts typically do not examine or approve settlement agreements; they are instead private contracts.  However, when, as here, a settlement agreement is approved by the Court, it becomes part of the judicial record.  "There is a common-law presumption that judicial records are public documents."  *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003) (Thompson, J.).  Yet, the strength of the presumption of openness and public access to judicial records "falls along a continuum," and courts "should weigh the interests protected by the presumption of openness, namely, judicial transparency (especially in FLSA cases) . . . against the parties' interest in secrecy."  *Id.* at 1264.  After reviewing the Settlement Agreement and weighing the interests of openness and public access against Defendants' interest in maintaining the confidentiality of the terms of the agreement, the Court finds no reason why the Settlement Agreement should not be made a part of the public record.

Accordingly, the Clerk of Court is hereby DIRECTED to UNSEAL the parties' Settlement Agreement (Doc. #23) as of the date of this Court's Order.

Finally, the parties are hereby ORDERED to file a joint stipulation of dismissal that complies with Federal Rule of Civil Procedure 41 and the local rules of this district **on or before December 11, 2012**.

DONE this the 4th day of December, 2012.

                                                  /s/ Mark E. Fuller
                                      UNITED STATES DISTRICT JUDGE